UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                                  CASE NO. 8:11-CV-2121-T-27MAP

S&Q PROPERTY INVESTMENT, LLC, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Evanston Insurance Company's motion for summary judgment (Dkts. 25). Upon consideration, the motion is GRANTED.

### Background

This is an insurance coverage action. In the underlying action, Fred Lee Cook alleged that his son was shot and killed in an attack by a trespassing criminal assailant while on property owned by S&Q Property Investment LLC, and that the incident was a direct and proximate result of S&Q's negligence. S&Q sought liability coverage under a Commercial General Liability Insurance Policy issued by Evanston. Evanston denied coverage, based on the following exclusion:

> HABITATIONAL COMBINATION ENDORSEMENT
> THIS ENDORSEMENT CHANGES THE POLICY.
>
> The coverage under this policy does not apply to "bodily injury" . . . or any injury, loss or damage arising:
>
> * * *
>
> 5. out of Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons, or any other person. Further, no coverage is provided if the operative facts out of which the claim or "suit" arises or upon which the claim or "suit" is based constitute an assault and/or

> battery irrespective of whether the claim or "suit" alleges negligent hiring, training, supervision and/or retention or any other form of negligence or negligent action. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a. . . .

(Dkt. 26-1, p. 18).

After filing this action, Evanston moved for summary judgment, arguing that the policy does not afford coverage for the underlying action against S&Q. A clerk's default was entered against S&Q (Dkt. 16). Cook did not file a response to the summary judgment motion, as required by Local Rule 3.01(b). Accordingly, the motion has been taken under advisement unopposed.

### Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.

### Discussion

"It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005). "However, if the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend." *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35 (Fla. 4th DCA 2003).

"Assault" and "battery" are not defined in the policy, and therefore, these word must be given their plain and generally accepted meaning. *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1327 n.6 (11th Cir. 2005) (quotation omitted). Under Florida law, the tort of "[b]attery consists of the infliction of a harmful or offensive contact upon another with the

intent to cause such contact or the apprehension that such contact is imminent." *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005). Similarly, the criminal "offense of battery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a). The use of "a deadly weapon" in the commission of a battery elevates the crime to "aggravated battery," but the act is still considered a battery. Fla. Stat. § 784.045(1)(a).

Under these definitions, the shooting death of Cook's son plainly constituted a battery. *See, e.g., Those Certain Underwriters at Lloyd's London Who Subscribe to Policy Number TCN 002547 v. Karma Korner, LLC*, No. 6:10-cv-830-Orl-28GJK, 2011 WL 1150466 (M.D. Fla. Mar. 28, 2011) (coverage for shooting death excluded by assault and battery exclusion). Because the claims in the underlying action arose out of a battery, the exclusion applies, regardless of whether the claims sound in negligence. Dkt. 26-1, p. 18 ("Further, no coverage is provided if the operative facts out of which the claim or 'suit' arises or upon which the claim or 'suit' is based constitute an assault and/or battery irrespective of whether the claim or 'suit' alleges negligent hiring, training, supervision and/or retention or any other form of negligence or negligent action."); *see Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.*, 721 So. 2d 402, 404 (Fla. 3d DCA 1998) (applying exclusion where negligence claims arose out of assault and battery); *Miami Beach Entm't, Inc. v. First Oak Brook Corp. Syndicate*, 682 So. 2d 161, 162 (Fla. 3d DCA 1996) (same). Evanston therefore has no duty to defend the underlying action. And because there is no duty to defend, there is no corresponding duty to indemnify. *Federal Ins. Co. v. Applestein*, 377 So. 2d 229, 233 (Fla. 3d DCA 1979); *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995).

## Conclusion

Accordingly, the motion for summary judgment (Dkt. 25) is GRANTED. Evanston Insurance Company has no duty to defend or indemnify S&Q Property Investment LLC for the claims in the

underlying action. The clerk is directed to ENTER JUDGMENT in favor of Evanston Insurance Company and to CLOSE the file. All pending motions, if any, are DENIED as moot.

**DONE AND ORDERED** this 11th day of October, 2012.

                                                  **JAMES D. WHITTEMORE**
                                                  **United States District Judge**

Copies to: Counsel of Record